JUDGE SCHEINDLIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 01036

-----------------------------------------------------------X
KENNETH A. ELAN,                        :    Civil Action No.
                                        :
                  Plaintiff,            :
                                        :    COMPLAINT
      - against -                       :
                                        :
CITIBANK, N.A.,                         :
                                        :
                  Defendant.            :    JURY TRIAL DEMANDED
-----------------------------------------------------------X

JAN 31 2008
U.S.D.C. S.D.N.Y.

## NATURE OF ACTION

1. This action involves a Citbank systematic glitch with Automatic Teller Machines ("ATMs") which incorrectly transfers customers' funds to a non-interest bearing account. This glitch has been embedded in the Citibank ATM program for years. It has been the subject of numerous and continuous complaints but Citibank has failed to make the necessary correction. The glitch has enabled Citibank to avoid paying millions of dollars in interest, resulting in a loss to its customers and gain to itself. Plaintiff seeks damages for himself and class members on account of the wrongs alleged.

2. The class sought to be certified is as follows:

   All Citibank customers who since 2001, have directed an ATM to transfer funds to an interest bearing account and have had those funds incorrectly transferred to a non-interest bearing account.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction of this matter pursuant to Section 915(g) of the Electronic Funds Transfer Act, 15 U.S.C. §1693m(g).

4. Venue is proper in this Court because Defendant has its principal place of business in this District, and conducts a substantial amount of business in this District, and much of the wrongful conduct complained of herein occurred in this District.

## PARTIES

5. Plaintiff Kenneth A. Elan, a New York resident, maintains several accounts with Citibank. Among other accounts, Plaintiff maintains a interest bearing Super Money Market account, an interest bearing Money Market account, an interest bearing checking account, and a non-interest bearing Checking Plus account with his wife, Jocelin Elan. Plaintiff also maintains an interest bearing checking account and a Checking Plus account for his business. All accounts are linked. The two Checking Plus accounts are lines of credit to protect against over-drafts in the interest bearing checking accounts. When these lines of credit are utilized Plaintiff is charged interest.

6. Defendant Citibank, N.A. ("Citibank") operates in more than 100 countries offering a wide array of banking, lending and investment services to individual consumers, as well as to small businesses. Citibank also offers a full range of financial services products to small and large corporations, governments, and institutional and individual investors. Citibank is headquartered at 399 Park Avenue, New York, 10022. For the year ending December 31, 2006, Citigroup Inc., parent company of Citbank, had revenues of $89.6 billion and profits of $21.5 billion.

## CLASS ACTION ALLEGATIONS

7. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a Class, consisting of:

> All Citibank customers who since 2001, have directed an ATM to transfer funds to an interest bearing account and have had those funds incorrectly transferred to a non-interest bearing account.

8. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to plaintiff, and can only be ascertained through appropriate discovery, plaintiff believes that there are thousands of members of the Class. Members of the Class may be identified from records maintained by Citibank and may be notified of the pendency of this action by mail, using the form of notice similar to that used in class actions.

9. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are the following:

    (a) whether Citibank's actions violated the Electronic Funds Transfer Act;

    (b) whether Citibank's actions constitute a breach of contract;

    (c) whether Citbank's actions constitute a deceptive practice under GBL §349; and

    (d) whether Citibank has been unjustly enriched.

10. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel competent and experienced in class action litigation.

11. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it impossible for Class members to seek redress individual for the wrongs done to them. There will be no difficulty in the management of this action as a class action.

**SUBSTANTIVE ALLEGATIONS**

12. Citibank customers with multiple accounts typically have their Citibank accounts linked to their Citibank Banking Card. Account linking enables account holders to use their

Citibank Banking Card to access their accounts at ATMs, by telephone via CitiPhone Banking, and by internet via Citibank Online.

13. Citibank's Checking Plus is a variable rate line of credit linked to a checking account that provides overdraft protection up to the available credit line. Checking Plus can also be linked to the customer's other Citibank accounts.

14. On or about January 7, 2008, Plaintiff went to a local Citibank branch located at 250 Broadway, New York, NY to use the ATM. In checking his Summary of Accounts he noticed that the checking account he maintains with his wife had a $0 balance and that $280 had been drawn on the corresponding Checking Plus account. Plaintiff then transferred $280 (plus the accrued interest) from his Money Market account to pay off the balance on the Checking Plus account, on which he was paying interest. Plaintiff then sought to transfer $1,000 from his Money Market account to his interest bearing checking account. Instead of the $1,000 being transferred from the Money Market account to the checking account as directed, the funds were transferred to the Checking Plus account (non-interest bearing). The Checking Plus account balance indicated "We owe you $1,000.00." Plaintiff then attempted to transfer the $1,000.00 now in his Checking Plus account to his interest bearing checking account but the ATM would not permit the transfer.

15. Plaintiff was forced to leave the $1,000.00 in his Checking Plus account earning no interest until it was drawn down by checks written on the corresponding checking account.

16. Plaintiff subsequently called Citibank's Credit Department which advised him that the problem happens all the time and that they receive countless telephone calls from customers complaining about the same thing. The Citibank Credit Department also advised him that they were unable to transfer the funds to his interest bearing checking account.

17. Plaintiff also spoke to the assistant manager at his branch about the problem. He stated that he received numerous complaints from customers about this systematic problem with the ATM machines.

18. While monies deposited in a checking account, like Plaintiff's, earn interest, those same monies on deposit in a Checking Plus account earn no interest. In the aggregate, Citibank is avoiding millions of dollars in interest it would otherwise have to pay its class members.

19. A Citibank Client Manual, effective July 15, 2007, states:

> **Our Responsibility to You**
>
> If we do not complete a transfer to or from your account on time or in the correct amount according to our agreement with you, we will be liable for your losses or damages.

Citibank Client Manual at 24.

20. Upon information and belief, similar statements are set forth in Client Manuals and/or Account Agreements applicable to Plaintiff and other members of the Class.

## FIRST CLAIM FOR RELIEF
### (Electronic Funds Transfer Act)

21. Plaintiff incorporates by reference every allegation set forth above.

22. Defendant Citibank is a "financial institution" within the meaning of the Electronic Funds Transfer Act.

23. Defendant failed to make an electronic fund transfer in the correct manner when properly instructed to do so by Plaintiff and the other members of the Class.

24. Defendant is liable to Plaintiff and the other members of the Class for any actual damage sustained including, but not limited to, loss of interest as a result of such failure.

25. The frequency and persistence of Citibank's noncompliance, the nature of its noncompliance, the resources of Citibank, the number of persons adversely affected, and the extent to which the noncompliance was intentional are factors that support imposing maximum liability.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract)

26. Plaintiff incorporates by reference every allegation set forth above.

27. Plaintiff and the other members of the Class maintained accounts with Citibank pursuant to agreements which permitted those accounts to be linked enabling them to transfer funds between accounts in the amounts and manner specified.

28. There is a systematic glitch in Citibank's ATMs that causes funds directed to be transferred to another account to be incorrectly transferred to a customer's Checking Plus account and then does not permit those funds to be subsequently transferred out of Checking Plus.

29. The foregoing course of conduct constitutes a breach of contract by Defendant Citibank.

## THIRD CLAIM FOR RELIEF
### (Deceptive Practices under GBL §349)

30. Plaintiff incorporates by reference every allegation set forth above.

31. Plaintiff and members of the class have been injured by violation of §349(a) of New York General Business Law which states:

> Deceptive acts or practices in conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.

32. Defendant represents to its customers that they can use ATMs to transfer funds between accounts while aware of a systematic glitch in its system which prevents such transfer under certain circumstances as set forth above.

33. Plaintiff and members of the class brings this action pursuant to §349(a) to enjoin such unlawful practices and to recover actual damages for each deceptive act because defendant willfully and wrongfully violated §349.

34. Plaintiff and members of the class seek the award of reasonable attorney's fees pursuant to §349(h) of the General Business Law.

## FOURTH CLAIM FOR RELIEF
### (Unjust Enrichment)

35. Plaintiff incorporates by reference every allegation set forth above.

36. By failing to properly execute instructions to place monies in interest bearing accounts and improperly placing those monies in non-interest bearing accounts, Defendant was unjustly enriched.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff on behalf of himself and the Class prays for judgment as follows:

(i) Certifying that this action may be maintained as a class action and Plaintiff as the representative of that Class;

(ii) Awarding Plaintiff and each Class Member damages for the wrongful acts alleged;

(iii) Awarding Plaintiff and each Class Member damages pursuant to GBL §349;

(iv) Enjoining Defendant from continuing the wrongful acts and practices alleged;

(v) Awarding Plaintiff and the other members of the Class the costs of suit and attorney's fees; and

(vi) Awarding Plaintiff and the other members of the Class such other and further relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues that are triable before a jury.

Dated: January 31, 2008

RABIN & PECKEL LLP

By: _____
I. Stephen Rabin (IR-5058)
Joseph V. McBride (JM-3550)
275 Madison Avenue, 11th Floor
New York, NY 10016
Telephone: (212) 213-1812
Facsimile: (212) 213-1816

Attorneys for Plaintiff and the Class