UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
KENNETH A. ELAN, individually and on behalf of all others similarly situated,

                      Plaintiff,

    - against -

CITIBANK, N.A.,

                      Defendant.
------------------------------------------------------------X

Civil Action No. 08 Civ. 1036 (SAS)

**AMENDED CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

## NATURE OF ACTION

1. This action involves a Citibank systematic glitch with Automatic Teller Machines ("ATMs") which incorrectly transfers customers' funds to a *non-interest bearing* account when those funds are directed to be transferred to an *interest bearing* account. This glitch has been embedded in the Citibank ATM program for years. It has been the subject of numerous and continuous complaints but Citibank has failed to make the necessary correction. The glitch has enabled Citibank to avoid paying millions of dollars in interest, resulting in a loss to its customers and gain to itself. Plaintiff seeks damages for himself and class members.

2. The class sought to be certified is as follows:

> All Citibank customers who since 2001, have directed an ATM to transfer funds to an interest bearing account and have had those funds incorrectly transferred to a non-interest bearing account.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction of this matter pursuant to Section 915(g) of the Electronic Funds Transfer Act, 15 U.S.C. §1693m(g).

4. Venue is proper in this Court because Defendant has its principal place of business in this District, conducts a substantial amount of business in this District, and much of the wrongful conduct complained of herein occurred in this District.

## PARTIES

5. Plaintiff Kenneth A. Elan, a New York resident, maintains several accounts with Citibank. Among other accounts, Plaintiff maintains an interest bearing Super Yield Money Market Account, an interest bearing Money Market Plus account, an interest bearing Rate Accelerator Money Market account, an interest bearing High Interest Checking account, and a non-interest bearing Checking Plus account with his wife, Jocelin Elan. Plaintiff also maintains an interest bearing CitiBusiness Interest Checking account and a Checking Plus account for his business. All accounts are linked. The two Checking Plus accounts are lines of credit to protect against over-drafts in the corresponding interest bearing checking accounts. When these lines of credit are utilized Plaintiff is charged interest.

6. Defendant Citibank, N.A. ("Citibank") operates in more than 100 countries offering a wide array of banking, lending and investment services to individual consumers, as well as to small businesses. Citibank also offers a full range of financial services products to small and large corporations, governments, and institutional and individual investors. Citibank is headquartered at 399 Park Avenue, New York, 10022. For the year ending December 31, 2007, Citigroup Inc., parent company of Citibank, had revenues of $81.7 billion and profits of $3.6 billion.

**CLASS ACTION ALLEGATIONS**

7. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a Class, consisting of:

> All Citibank customers who since 2001, have directed an ATM to transfer funds to an interest bearing account and have had those funds incorrectly transferred to a non-interest bearing account.

8. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to plaintiff, and can only be ascertained through appropriate discovery, plaintiff believes that there are thousands of members of the Class. Members of the Class can be identified from records maintained by Citibank and can be notified of the pendency of this action by mail, using the form of notice routinely used in class actions.

9. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are the following:

   (a) whether Citibank's actions violated the Electronic Funds Transfer Act;

   (b) whether Citibank's actions constitute a breach of contract;

   (c) whether Citibank's actions constitute a deceptive practice under GBL §349; and

   (d) whether Citibank has been unjustly enriched.

10. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel competent and experienced in class action litigation.

11. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of

individual litigation makes it impossible for Class members to seek redress individual for the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## SUBSTANTIVE ALLEGATIONS

12. Citibank customers with multiple accounts typically have their Citibank accounts linked to their Citibank Banking Card. Account linking enables account holders to use their Citibank Banking Card to access their accounts at ATMs, by telephone via CitiPhone Banking, and by internet via Citibank Online.

13. Citibank's Checking Plus is a variable rate line of credit linked to a checking account that provides overdraft protection up to the available credit line. Checking Plus can also be linked to the customer's other Citibank accounts.

14. On or about January 8, 2008, Plaintiff went to a local Citibank branch located at 250 Broadway, New York, NY to use the ATM. In checking his Summary of Accounts he noticed that the High Interest Checking account he maintains with his wife had a $0 balance and that $1,300.76 had been drawn on the corresponding Checking Plus account he maintains with his wife. Plaintiff then transferred $1,488.65 from his Super Yield Money Market Account to pay off the balance of the Checking Plus account, on which he was paying interest. Plaintiff then attempted to transfer $1,000 from his Super Yield Money Market Account to his High Interest Checking account. Instead of the $1,000 being transferred from the Super Yield Money Market account to the High Interest Checking account as directed, the funds were incorrectly transferred to the (non-interest bearing) Checking Plus account. The Checking Plus account balance indicated "We owe you $1,000.00." Plaintiff then attempted to transfer the $1,000.00 now in his Checking Plus account to his High Interest Checking account but the ATM would not permit the transfer.

15. Plaintiff was forced to leave the $1,000.00 in his Checking Plus account earning no interest until it was drawn down by checks written on the corresponding High Interest Checking account.

16. Plaintiff subsequently called Citibank's Credit Department which advised him that the problem happens all the time and that they receive countless telephone calls from customers complaining about the same thing. The Citibank Credit Department also advised him that they were unable to transfer the funds from his Checking Plus account to his High Interest Checking account.

17. Plaintiff also spoke to the assistant manager at his branch about the problem. He stated that he received numerous complaints from customers about this systematic problem with the ATM machines.

18. In summary, plaintiff's funds were incorrectly transferred to a *non-interest bearing* account contrary to his directions that the funds be transferred to an *interest-bearing account*, and Citibank refused to correct the error.

19. On or about March 17, 2008, Plaintiff went to the Citibank branch located at 250 Broadway, New York, NY to use the ATM. Plaintiff transferred $7,914.05 from his Rate Accelerator Money Market account to the Checking Plus account he maintains for his business. Plaintiff then sought to transfer $1,500 from the Rate Accelerator Money Market account to his CitiBusiness Interest Checking account. Instead of the $1,500 being transferred from the Rate Accelerator Money Market account to the CitiBusiness Interest Checking account as directed, the funds were incorrectly transferred to the (non-interest bearing) Checking Plus account he maintains for his business which indicated that "We owe you."

20. Plaintiff's subsequently received bank statements for the months of January and March do <u>not</u> accurately reflect the manner in which his ATM transfers were processed by

Citibank's system. The bank statements Plaintiff and class members received from Citibank would therefore give them <u>no</u> notice of the problem.

21. While monies deposited in checking accounts, like Plaintiff's, earn interest, those same monies on deposit in a Checking Plus account earn no interest. In the aggregate, Citibank is avoiding millions of dollars in interest it would otherwise have to pay its class members.

22. A Citibank Client Manual, effective July 15, 2007, states:

> **Our Responsibility to You**
>
> If we do not complete a transfer to or from your account on time or in the correct amount according to our agreement with you, we will be liable for your losses or damages.

Citibank Client Manual at 24.

23. Upon information and belief, similar statements are set forth in Client Manuals and/or Account Agreements applicable to Plaintiff and other members of the Class.

## FIRST CLAIM FOR RELIEF
### (Electronic Funds Transfer Act)

24. Plaintiff incorporates by reference every allegation set forth above.

25. Defendant Citibank is a "financial institution" within the meaning of the Electronic Funds Transfer Act.

26. Defendant failed to make electronic fund transfers in the correct manner when properly instructed to do so by Plaintiff and the other members of the Class.

27. Defendant is liable to Plaintiff and the other members of the Class for any actual damage sustained including, but not limited to, loss of interest as a result of such failure.

28. The frequency and persistence of Citibank's noncompliance, the nature of its noncompliance, the resources of Citibank, the number of persons adversely affected, and the extent to which the noncompliance was intentional are factors that support imposing maximum liability.

### SECOND CLAIM FOR RELIEF
### (Breach of Contract)

29. Plaintiff incorporates by reference every allegation set forth above.

30. Plaintiff and the other members of the Class maintained accounts with Citibank pursuant to agreements which permitted those accounts to be linked enabling them to transfer funds between accounts in the amounts and manner specified.

31. There is a systematic glitch in Citibank's ATMs that causes funds directed to be transferred to another account to be incorrectly transferred to a customer's Checking Plus account and then does not permit those funds to be subsequently transferred out of Checking Plus.

32. The foregoing course of conduct constitutes a breach of contract by Defendant Citibank.

### THIRD CLAIM FOR RELIEF
### (Deceptive Practices under GBL §349)

33. Plaintiff incorporates by reference every allegation set forth above.

34. Plaintiff and members of the class have been injured by violation of §349(a) of New York General Business Law which states:

> Deceptive acts or practices in conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.

35. Defendant represents to its customers that they can use ATMs to transfer funds between accounts while aware of a systematic glitch in its system which prevents such transfer under certain circumstances as set forth above.

36. Plaintiff and members of the class brings this action pursuant to §349(a) to enjoin such unlawful practices and to recover actual damages for each deceptive act because defendant willfully and wrongfully violated §349.

37. Plaintiff and members of the class seek the award of reasonable attorney's fees pursuant to §349(h) of the General Business Law.

### FOURTH CLAIM FOR RELIEF
### (Unjust Enrichment)

38. Plaintiff incorporates by reference every allegation set forth above.

39. By failing to properly execute instructions to place monies in interest bearing accounts and improperly placing those monies in non-interest bearing accounts, Defendant was unjustly enriched.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff on behalf of himself and the Class prays for judgment as follows:

(i) Certifying that this action may be maintained as a class action and Plaintiff as the representative of that Class;

(ii) Awarding Plaintiff and each Class Member damages for the wrongful acts alleged;

(iii) Awarding Plaintiff and each Class Member damages pursuant to GBL §349;

(iv) Enjoining Defendant from continuing the wrongful acts and practices alleged;

(v) Awarding Plaintiff and the other members of the Class the costs of suit and attorney's fees; and

(vi) Awarding Plaintiff and the other members of the Class such other and further relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues that are triable before a jury.

Dated: April 15, 2008

                                              RABIN & PECKEL LLP

                                              By: _____/s/_____
                                                  I. Stephen Rabin (IR-5058)
                                            Joseph V. McBride (JM-3550)
                                            275 Madison Avenue, Suite 420
                                            New York, NY 10016
                                            Telephone: (212) 880-3722
                                            Facsimile: (212) 880-3716

                                            Attorneys for Plaintiff and the Class

## CERTIFICATE OF SERVICE

I, JOSEPH V. MCBRIDE, do hereby certify, under penalty of perjury, that:

On April 15, 2008, I caused a true and correct copy of the foregoing AMENDED CLASS ACTION COMPLAINT, to be served by first-class mail, postage prepaid, on the following:

Keith A. Custis, Esq.
STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 2029
Los Angeles, CA 90067

*Attorneys for Defendant Citibank, N.A.*

/s/
Joseph V. McBride